UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1913** |
| **ATTORNEY GENERAL BUDDY CALDWELL, ET. AL** | **SECTION: "C"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, Keith Stewart ("Stewart"), is an inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Stewart filed this *pro se* and *in forma pauperis* complaint alleging that thirty-nine days after his fifteenth birthday, he was arrested and charged with First Degree Murder and Aggravated Burglary. He alleges that his co-defendant was also arrested and was charged with First Degree Murder and Armed Robbery. He complains that he and his co-defendant were indicted

on August 22, 1980, and that the Assistant District Attorneys, David Loeb[1] and Paul Connick violated his constitutional rights by maliciously prosecuting him.  Specifically, he contends that he was over-charged with a crime that they knew they could not obtain a valid guilty verdict for the sole purpose of trying him as an adult even though he was a minor at the time.

Stewart filed this suit pursuant to Title 42 U.S.C. § 1983 against the Attorney General, Buddy Caldwell, and Assistant District Attorneys Paul Connick and David Loeb.  Stewart seeks redress for his allegedly wrongful conviction and contends that his constitutional rights pursuant to the 5th, 6th, 8th, 13th, and 14th Amendments were violated based upon the trial testimony that would support his lawsuit.  He alleges that the Attorney General "stood back" and permitted him to be prosecuted because he is a young, black, male.

Stewart seeks an emergency release and that the defendants be barred from practicing law in the State of Louisiana.  He further seeks an order requiring the Attorney General to release him as soon as possible.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

[1]In his Complaint, Stewart refers to Loeb as both an Assistant District Attorney and an attorney at law.  The Court construes his categorization of attorney at law as an intent to sue him as a prosecutor due to his representations in both the caption of the Complaint and the body of the Complaint that Loeb was an Assistant District Attorney.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    The *Heck* Doctrine

The very basis of Stewart's complaint is a challenge to the constitutionality of his underlying criminal conviction. Stewart therefore calls into question the validity of his criminal conviction.

In such a situation, before a plaintiff may proceed under § 1983, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present

confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. *Id.*, at 484-85.

In this case, Stewart's claims cannot be entertained at this time until such time as his conviction has been reversed, expunged, or declared invalid since a ruling in his favor would necessarily call into question the validity of his present confinement. Therefore, the Court cannot consider Stewart's § 1983 claims until the *Heck* conditions are met.

Nevertheless, because Stewart has failed to name a § 1983 defendant who is proper under § 1983 or not otherwise immune from suit, the application of the *Heck* doctrine is not controlling of the dismissal of the plaintiff's § 1983 claims. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

### B. Prosecutorial Immunity

Stewart filed the instant suit against District Attorney Paul Connick and Assistant District Attorney David Loeb. Stewart alleges that he was wrongfully prosecuted and that Connick permitted his assistant district attorneys to overcharge him even though they he knew he did not commit the murder. He therefore suggests that his incarceration is unconstitutional.

The Supreme Court has recognized, however, that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity

attaches to particular official functions, not to particular offices. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends only to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in Court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Stewart's complaints against the defendants, Paul Connick and David Loeb as District Attorneys, refers to alleged actions taken within their authority as prosecutors, specifically their decision to pursue a murder charge against Stewart. The District Attorney is clearly entitled to absolute immunity from suit for their discretionary role in determining which charges to pursue. Thus any claim against Connick and Loeb in their individual capacities must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2).

Furthermore, suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, Jefferson Parish. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999)[2]; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985.) The District Attorneys, as representatives of Jefferson Parish, could be liable under Section 1983 only if their actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the

---

[2]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 f.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int's Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Stewart, however, has not asserted that either Connick's or Loeb's decision to pursue a First Degree Murder charge against the plaintiff was the result of an unconstitutional policy or custom of Jefferson Parish as contemplated by *Monell*. Thus, Stewart's claims, if any, against Connick and Loeb in their official capacity are frivolous.

### C.     Attorney General,  Buddy Caldwell

Stewart also named Buddy Caldwell as a defendant in this proceeding. He does not however set forth any claim or factual allegations against Caldwell. Presumably because he is the chief law enforcement officer for the State of Louisiana, he seeks to hold him responsible. However, in the absence of specific allegations against Caldwell, the Court finds that he should be dismissed as a party defendant for failure to state a claim for which relief may be granted.

### D.     Habeas Corpus Relief

Although Stewart's complaint is styled as a civil rights action under § 1983 and filed on a form customarily reserved for § 1983 complaints, he challenges the validity of his conviction and now seeks his release and expungement or reversal of his conviction. This is not the proper action in which to assert these habeas corpus type claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than § 1983 civil

rights relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Stewart filed his complaint on a form reserved for § 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement. *Clarke*, 121 F.3d at 226; *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986).

However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20); *Hartman*, 878 F. Supp. at 1337-38.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Id*. "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (*en banc*).

In the present case, Stewart does not allege, and there is no proof, that he has exhausted his state court remedies as to any possible habeas corpus challenge. Accordingly, the plaintiff's claims

seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post conviction remedies. Stewart should pursue any such relief in a properly filed state criminal motion, state writ application, or federal habeas corpus proceeding, if appropriate.

## IV.     RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Keith Stewart's § 1983 complaint against Buddy Caldwell, Paul Connick, and David Loeb, be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

It is further **RECOMMENDED** that Stewart's request for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** and he should pursue any such relief in a properly filed state criminal motion, state writ application, or federal habeas corpus proceeding, if appropriate after exhaustion of available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 1st day of February, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.